IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:16-CV-822-FL

| | |
|---|---|
| DEBORAH R. HANCOCK, ) </br> ) </br> Plaintiff, ) </br> ) </br> vs. ) </br> ) </br> NATIONWIDE LIFE AND ANNUITY ) </br> INSURANCE COMPANY and RENEE ) </br> SNELLENBURG, ) </br> ) </br> Defendant. ) </br> ) | **CONSENT ORDER AND DEFAULT JUDGMENT** |

BEFORE THE COURT is the Joint Motion of Plaintiff Deborah R. Hancock ("Plaintiff") and Defendant and Cross-claimant Nationwide Life and Annuity Insurance Company ("Nationwide") for entry of default judgment against Defendant Renee Snellenburg and for distribution of the proceeds at issue in this action.

THE RECORD REFLECTS the following facts pertinent to the Order requested by Plaintiff and Nationwide:

1. On or about November 11, 2015, Charles G. Gilbert ("Annuitant") completed the Application for an Individual Single Purchase Payment Deferred Fixed Indexed Annuity in the amount of $125,000.00. (Dkt No. 20 ¶ 32.)

2. The primary beneficiary listed on the Application was Deborah R. Hancock, the Annuitant's sister, with 100% allocation. No contingent beneficiary was listed on the Application. (Dkt No. 20 ¶ 33.)

3. In response to the application, Nationwide issued on December 21, 2015, a Fixed Index Annuity contract to the Annuitant in the amount of $125,000.00 and assigned Contract No. xxxxx7073 ("the Contract"). (Dkt No. 20 ¶ 34.)

4. The Annuitant died on July 2, 2016. (Dkt No. 20 ¶ 35.)

5. Nationwide received correspondence dated July 22, 2016, from an attorney for Defendant Snellenburg, the Annuitant's daughter, alleging that she believes that the Plaintiff purposefully re-established contact with the Annuitant after years of estrangement and, in a manner secretive to Defendant Snellenburg, regained the Annuitant's trust and confidence. The letter states that Defendant Snellenburg and her attorney believe that the Plaintiff used that position to persuade the Annuitant to engage in several financial transactions, including changing his beneficiary designations. The letter states that Defendant Snellenburg intends to pursue a lawsuit against the Plaintiff and demands that Nationwide not disburse the funds to the Plaintiff pending resolution of the alleged dispute. (Dkt No. 20 ¶ 36.)

6. By letter dated July 27, 2016, Nationwide wrote to the attorney for Defendant Snellenburg. The letter states that Nationwide acknowledges receipt of the July 22, 2016 correspondence and will not release the funds due under the Contract until it received either a contractual binding agreement or a court order instructing Nationwide to whom it should pay the proceeds due under the Contract. (Dkt No. 20 ¶ 37.)

7. By letter dated July 27, 2016, Nationwide wrote to the Plaintiff. The letter states that Nationwide received notice of an adverse claim and will not release the funds due under the Contract until it received either a contractual binding agreement or a court order instructing Nationwide to whom it should pay the proceeds due under the Contract. (Dkt No. 20 ¶ 38.)

8. Because of these actions by Defendant Snellenburg and Nationwide, Plaintiff filed the Summons and Verified Complaint on September 23, 2016. (Dkt. No. 1.) In the Verified Complaint, among other things, Plaintiff seeks a declaration that she is the rightful beneficiary entitled to the proceeds of an Annuity issued by Nationwide. (*Id.*)

9. Plaintiff served Defendant Snellenburg with a copy of the Summons and Verified Complaint on October 4, 2016, which Defendant Snellenburg received on that date. (Dkt. No. 18.) On October 27, 2016, more than twenty-one days after Plaintiff served Defendant Snellenburg, Plaintiff moved for an entry of default as to Defendant Snellenburg, which was entered by the Clerk of Court on January 5, 2017. (Dkt Nos. 19, 31.)

10. Nationwide timely filed its Answer, Counterclaim, and Cross-claim for Interpleader on November 11, 2016. (Dkt No. 20.) Nationwide filed its Counterclaim and Cross-claim for Interpleader because it received adverse claims to the proceeds of the Annuity from Plaintiff and Defendant Snellenburg, which Nationwide does not contest should be paid, but Defendant Snellenburg initially challenged the validity of the named beneficiary, thus forcing Nationwide to withhold payment pending resolution of the alleged dispute. *Id.* Nationwide requested that the Court permit Nationwide to pay into the Court's registry the full amount of proceeds due under the Annuity; require the claimants to settle among themselves the rights to the proceeds; restrain the claimants from commencing any action against Nationwide related to the Annuity; release and discharge Nationwide from any and all liability and obligations related to the Annuity; and allow Nationwide to recover its costs in bringing this action as a disinterested stakeholder. *Id.*

11. Nationwide served Defendant Snellenburg with a copy of the Answer, Counterclaim, and Cross-claim for Interpleader via FedEx on November 14, 2016. (Dkt No. 27-

1.) Defendant Snellenburg received the copy of the Answer, Counterclaim, and Cross-claim for Interpleader on November 15, 2016. (*Id.*) On December 9, 2016, more than twenty-one days after Nationwide served Defendant Snellenburg, Nationwide moved for an entry of default as to Defendant Snellenburg, which was entered by the Clerk of Court on January 5, 2017. (Dkt Nos. 27, 32.)

12. As of the date of filing, Defendant Snellenburg has not appeared in this action.

THE COURT HEREBY FINDS that it has jurisdiction over both the subject matter and the parties. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy is in excess of $75,000.00 and Plaintiff is of diverse citizenship from both Defendants.

The Court finds that it has personal jurisdiction over Plaintiff because she consented to personal jurisdiction by filing this action. The Court finds that it has personal jurisdiction over Defendant Snellenburg because she is a citizen and resident of North Carolina. Defendant Nationwide has appeared without objection and consents to the jurisdiction of the Court. Both Defendant Snellenburg and Defendant Nationwide were properly served with process.

THE COURT HEREBY FINDS that multiple parties claimed an interest in the same annuity proceeds and that it would be appropriate to allow such proceeds to be paid into the Court and to discharge Nationwide of all liability and obligations under the Contract. The Court further finds that all parties with a potential interest in the annuity proceeds have been named and properly served with a copy of the Verified Complaint for Declaratory Judgment and the Answer, Counterclaim and Crossclaim for Interpleader.

Defendant Snellenburg has not made an appearance before this Court and is in default. Default judgment on Plaintiff's claim and Nationwide's cross-claim for interpleader shall be

entered against Defendant Snellenburg. By virtue of her default, Defendant Snellenburg forfeited her claim of entitlement to the proceeds. Because Nationwide is a disinterested stakeholder, the only remaining party still claiming an entitlement to the disputed proceeds is Plaintiff.

THE COURT IS FURTHER INFORMED that the parties have agreed that Nationwide should be awarded the sum of Eight Thousand and No/100s ($8,000.00) Dollars for its attorneys' fees and costs incurred in bringing its interpleader claim. This sum is reasonable and may be withheld from the funds that Nationwide is currently holding.

THEREFORE, the Court hereby orders the following:

1. Default judgment is entered against Defendant Snellenburg on the claims asserted in Plaintiff's Verified Complaint and Nationwide's Cross-Claim for Interpleader.

2. Plaintiff is declared the rightful beneficiary under Contract No. xxxxx7073 and is entitled to payment of the proceeds due and payable under Contract No. xxxxx7073. Upon receipt of a completed Nationwide Beneficiary Claim form in good order, Nationwide shall pay to Plaintiff's counsel, for appropriate disbursement to Plaintiff, the annuity proceeds due and payable to Plaintiff under Contract No. xxxxx7073, less Eight Thousand and No/100s ($8,000.00) Dollars hereby awarded to Nationwide for its attorneys' fees and costs.

3. Upon payment of the proceeds pursuant to 2 above, Nationwide is hereby discharged from any further liability or obligation under the annuity covering the life of Charles G. Gilbert, including any and all riders thereto.

4. Upon payment of the proceeds pursuant to 2 above, Plaintiff and Defendant Snellenburg are enjoined and restrained from instituting any action against Nationwide relating to the Annuity covering the life of Charles G. Gilbert, including, without limitation, actions pursuing any right to the payment of death benefits or other proceeds from the Annuity.

5
Case 5:16-cv-00822-FL   Document 36   Filed 03/02/17   Page 5 of 7

**IT IS SO ORDERED** this the 2nd **day of**  March **, 2017.**

_____
Hon. Louise W. Flanagan
United States District Judge

CONSENTED TO HEREBY:

| | |
|---|---|
| NELSON MULLINS RILEY & SCARBOROUGH LLP | HARRIS, SARRATT & HODGES, LLP |
| By: /s/ Leslie Lane Mize<br>Leslie Lane Mize<br>N.C. State Bar No. 32790<br>leslie.mize@nelsonmullins.com<br>4140 Parklake Avenue, Suite 200<br>Raleigh, North Carolina  27612<br>Phone:  (919) 877-3800<br>Fax:  (919) 877-3799<br><br>*Counsel for Defendant Nationwide Life and Annuity Insurance Company* | By: /s/ H. Clay Hodges<br>H. Clay Hodges, NCSB # 29270<br>1620 Hillsborough Street, Suite 200<br>Raleigh, NC  27605<br>Tel.:  919.546.8788<br>Fax:  919.546.8789<br>chodges@hsllp.com<br><br>*Counsel for Plaintiff Deborah R. Hancock* |